UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

****************************************
EDWARD M. TAYLOR,   and        *
LESLIE TAYLOR,                 *
                               *
                    Plaintiffs,*
                               *           CIVIL ACTION NUMBER
        -- vs. --              *
                               *           03 CV 12600 WGY
NEXL SPORTS PRODUCTS,          *
also known as NEXL SPORTS HELMETS, *
                               *
                    Defendant. *
****************************************

## PLAINTIFFS' MOTION TO AMEND COMPLAINT
## WITH ARGUMENT AND MEMORANDUM

1. )   Now come the Plaintiffs, EDWARD M. TAYLOR and LESLIE TAYLOR, in the above entitled matter and MOVE this Court to allow the Plaintiffs to AMEND the Complaint filed in this matter to the **AMENDED COMPLAINT** attached hereto.

2. )   The Plaintiffs seek the right to Amend the Complaint, so as to not outline in the detail stated the damages alleged in the Complaint, as stated in Paragraphs 13 and 14, which Paragraphs 13 and 14 state the damages that the Plaintiffs "estimate" as their damages. The Plaintiffs have the "right" to AMEND their Complaint once as a "matter of right", Federal Rules of Civil Procedure, Rule 15 [a]; Local Rules, Rule 15 [a], and seek to do so in order to be in full and complete compliance with Federal Rules of Civil Procedure, Rule 8 [a] and [e]; Local Rules, Rule 8 [a] and [e].

3. )   The **AMENDED COMPLAINT** is attached hereto and the Plaintiffs move to have it accepted by this court and placed upon the docket representing this action. There has been

Page #2
Wednesday, January 07, 2004

no unjustified delay in seeking to Amend this Complaint and no Answer or Responsive Pleading has been filed. In the exercise of its discretion, the Court should allow a Motion to Amend a Complaint. Libby v. Commission Of Corrections, (1982), 385 Mass. 421, 432 N.E. 2d. 486; Srebnick v. Lo-Law Transit Management, Inc., 29 Mass. App. Ct. 45, 51 (1990); Stewart v. Finkelstone, 206 Mass. 28, 92 N.E. 37 (1910); Norton v. Chioda, 317 Mass. 446; 58 N.E. 2d. 828 (1945); Cohen v. Bailly, 266 Mass. 48, 49, 165 N.E. 7; Bedford Heating and Air Conditioning Co. v. Milano, 6 Mass. App. Ct. 898, 377 N.E. 2d. 438 (1978); Smith & Zobel Rules Practice, S. 8.17 (1974); Costellucci v. United States Fidelity and Guaranty, 372 Mass 288, 361 N.E. 2d. 1264 (1977); United States Leasing Corp. v. Chicopee, 402 Mass. 228, 521 N.E. 2d. 741 (1988); Barbosa v. Hopper Feeds, Inc., 404 Mass. 610, 537 N.E. 2d. 99 (1989); Christopher v. Duffy, 28 Mass. App. Ct. 780, 556 N.E. 2d. 121 (1990).

4.) The Statute of Limitations for these damages has not expired and there will be no undue delay in the trial of this matter.

5.) To Amend the Complaint will not require that the Defendant retain a change in their defense, if any.

## CONCLUSION

The Motion To Amend the Complaint should be granted and the Clerk of Court should be directed to file and docket the attached **AMENDED COMPLAINT**.

Respectufally,
Edward M. Taylor,
Leslie Taylor,
By Their Attorney,

Joseph S. Provanzano, Esquire
BBO No. 407400
Law Offices Of

**LAW OFFICES OF
JOSEPH S. PROVANZANO**

Page #3
<u>Wednesday, January 07, 2004</u>

**JOSEPH S. PROVANZANO**
16 Bourbon Street, Suite C
Peabody, MA 01960-1338

| | |
|---|---|
| Telephone | : (978) 535 - 8222 |
| Date | : Wednesday, January 07, 2004 |
| File No. | : M01-1423 |

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**