UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EDWARD M. TAYLOR and LESLIE TAYLOR,
Plaintiffs

v.

NEXL SPORTS PRODUCTS, also known as
NEXL SPORTS HELMETS,
Defendant

C.A. NO. 03CV12600WGY

## DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED AMENDED COMPLAINT

Now comes the Defendant, NexL Sports Products, also known as NexL Sports Helmets, and answers the Plaintiffs' Amended Complaint as follows:

### THE PARTIES

1. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Plaintiffs' Amended Complaint.

2. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Plaintiffs' Amended Complaint.

3. The Defendant admits the allegations contained in paragraph 3 of the Plaintiffs' Amended Complaint.

### JURISDICTION

4. The Defendant admits the allegations contained in paragraph 4 of the Plaintiffs' Amended Complaint.

### FACTUAL AND LEGAL ALLEGATIONS

5. The Defendant denies the allegations contained in the last sentence of paragraph 5 of the Plaintiffs' Amended Complaint. The Defendant is without information or knowledge sufficient to respond to the remaining allegations contained in paragraph 5 of the Plaintiffs' Amended Complaint.

6. The Defendant denies the allegations contained in paragraph 6 of the Plaintiffs' Amended Complaint.

2.

7. The Defendant denies the allegations contained in paragraph 7 of the Plaintiffs' Amended Complaint.

8. The Defendant denies the allegations contained in paragraph 8 of the Plaintiffs' Amended Complaint.

9. The Defendant denies the allegations contained in paragraph 9 of the Plaintiffs' Amended Complaint.

10. The Defendant denies the allegations contained in paragraph 10 of the Plaintiffs' Amended Complaint.

11. The Defendant denies the allegations contained in paragraph 11 of the Plaintiffs' Amended Complaint.

12. The Defendant denies the allegations contained in paragraph 12 of the Plaintiffs' Amended Complaint.

13. The Defendant denies the allegations contained in paragraph 13 of the Plaintiffs' Amended Complaint.

14. The Defendant denies the allegations contained in paragraph 14 of the Plaintiffs' Amended Complaint.

15. The Defendant denies the allegations contained in paragraph 15 of the Plaintiffs' Amended Complaint.

16. The Defendant answers the first sentence of paragraph 16 of the Plaintiffs' Amended Complaint by stating that the documents referred to therein speak for themselves. The Defendant denies the remaining allegations contained in paragraph 16 of the Plaintiffs' Amended Complaint.

17. The Defendant denies the allegations contained in paragraph 17 of the Plaintiffs' Amended Complaint.

18. The Defendant denies the allegations contained in paragraph 18 of the Plaintiffs' Amended Complaint.

19. The Defendant admits the allegations contained in paragraph 19 of the Plaintiffs' Amended Complaint.

3.

20. The Defendant denies that the Plaintiff purchased the helmet in question directly from the Defendant, who shipped and delivered it to the Plaintiff in Massachusetts. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Plaintiffs' Amended Complaint.

21. The Defendant admits the allegations contained in paragraph 21 of the Plaintiffs' Amended Complaint.

22. The Defendant denies the allegations contained in paragraph 22 of the Plaintiffs' Amended Complaint. Further answering, the Defendant states that, at all times relevant, Bleacher Comfort, LLC was the designer and manufacturer of the helmet in question.

23. The Defendant denies that the Plaintiff purchased the helmet in question from the Defendant. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Plaintiffs' Amended Complaint.

24. The Defendant denies the allegations contained in paragraph 24 of the Plaintiffs' Amended Complaint.

25. The Defendant denies the allegations contained in paragraph 25, subparagraphs (a) through (d) of the Plaintiffs' Amended Complaint.

26. The Defendant is without information or knowledge sufficient to form a belief as to what the "Plaintiff does not know," as alleged in the first sentence of paragraph 26 of the Plaintiffs' Amended Complaint. The Defendant denies the remaining allegations contained in paragraph 26 of the Plaintiffs' Amended Complaint.

27. The Defendant denies the allegations contained in paragraph 27 of the Plaintiffs' Amended Complaint.

28. The Defendant denies the allegations contained in paragraph 28 of the Plaintiffs' Amended Complaint.

29. The Defendant denies the allegations contained in paragraph 29 of the Plaintiffs' Amended Complaint.

30. The Defendant denies the allegations contained in paragraph 30 of the Plaintiffs' Amended Complaint.

4.

31.   The Defendant denies that it made the express warranty described in the Plaintiffs' Amended Complaint. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of the Plaintiffs' Amended Complaint.

32.   The Defendant denies the allegations contained in paragraph 32 of the Plaintiffs' Amended Complaint.

33.   The Defendant denies the allegations contained in paragraph 33 of the Plaintiffs' Amended Complaint.

34.   The Defendant denies the allegations contained in paragraph 34 of the Plaintiffs' Amended Complaint.

35.   The Defendant denies the allegations contained in paragraph 35 of the Plaintiffs' Amended Complaint.

36.   The Defendant denies the allegations contained in paragraph 36 of the Plaintiffs' Amended Complaint.

37.   The Defendant denies the allegations contained in paragraph 37 of the Plaintiffs' Amended Complaint.

38.   The Defendant denies the allegations contained in paragraph 38 of the Plaintiffs' Amended Complaint.

39.   The Defendant denies the allegations contained in paragraph 39 of the Plaintiffs' Amended Complaint. Further answering, the Defendant states that, at all times relevant, Bleacher Comfort, LLC prepared, manufactured, developed, tested, inspected, packaged, labeled, advertised, merchandised, sold, and distributed the helmet in question.

40.   The Defendant denies the allegations contained in paragraph 40 of the Plaintiffs' Amended Complaint. Further answering, the Defendant states that, at all times relevant, Bleacher Comfort, LLC developed, manufactured, packaged, labeled, merchandised, and distributed the helmet in question.

41.   The Defendant is without information or knowledge sufficient to form a belief as to whether or not the Plaintiff is a member of the general public living in the Commonwealth of Massachusetts. The Defendant denies that it knew that the Plaintiff was a member of the general public living in the Commonwealth of Massachusetts at all times relevant.

5.

42. The Defendant denies the allegations contained in paragraph 42 of the Plaintiffs' Amended Complaint.

43. The Defendant denies the allegations contained in paragraph 43 of the Plaintiffs' Amended Complaint.

44. The Defendant denies the allegations contained in paragraph 44 of the Plaintiffs' Amended Complaint.

45. The Defendant denies the allegations contained in paragraph 45 of the Plaintiffs' Amended Complaint.

46. The Defendant denies the allegations contained in paragraph 46 of the Plaintiffs' Amended Complaint.

47. The Defendant denies the allegations contained in paragraph 47 of the Plaintiffs' Amended Complaint.

48. The Defendant denies the allegations contained in paragraph 48 of the Plaintiffs' Amended Complaint.

49. The Defendant denies the allegations contained in paragraph 49 of the Plaintiffs' Amended Complaint.

50. The Defendant responds to the allegations contained in the first, second, third, and fourth sentence of paragraph 50 of the Plaintiffs' Amended Complaint by stating that the regulations referred to therein speak for themselves. The Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the fifth and sixth sentences of paragraph 50 of the Plaintiffs' Amended Complaint.

51. The Defendant denies the allegations contained in paragraph 51 of the Plaintiffs' Amended Complaint.

52. The Defendant denies the allegations contained in paragraph 52 of the Plaintiffs' Amended Complaint.

53. The Defendant denies the allegations contained in paragraph 53 of the Plaintiffs' Amended Complaint.

In further answering the Plaintiffs' Amended Complaint, the Defendant asserts the following affirmative defenses:

6.

### FIRST AFFIRMATIVE DEFENSE

The Defendant asserts that the Amended Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendant asserts that, if the Plaintiffs suffered injuries and damages as alleged, said injuries and damages resulted from the acts or conduct of a person or persons for whose action or conduct Defendant was not responsible, had no knowledge of, and had no control over.

### THIRD AFFIRMATIVE DEFENSE

The Defendant asserts that, if the Plaintiffs suffered injuries and damages as alleged, said injuries and damages were caused by the intervening act or acts or omissions of parties other than Defendant.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant asserts that if it was negligent as alleged, which it specifically denies, the negligence of the Plaintiffs was either equal to or greater than the alleged negligence of the Defendant, and, therefore, the Plaintiffs cannot recover at all, as set forth in M.G.L. c. 231, s. 85.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant asserts that the negligence of the Plaintiffs contributed to the cause of their injuries and damages, and, therefore, the recovery of damages, if any, must be reduced in accordance with M.G.L. c. 231, s. 85.

### SIXTH AFFIRMATIVE DEFENSE

The Defendant asserts that the Plaintiffs or some party other than Defendant substantially altered or modified the helmet in question, and that such alteration of modification was the cause of the Plaintiffs' injuries and damages.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant asserts that the Plaintiffs misused and/or abused the helmet in question, and that such misuse and/or abuse was the cause of the Plaintiffs' injuries and damages.

7.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant asserts that the Plaintiff failed to comply with the requirements of M.G.L. c. 93A, and, therefore, this claim must be dismissed.

### NINTH AFFIRMATIVE DEFENSE

The Defendant asserts that the Plaintiffs voluntarily encountered the danger, known to them, which is alleged as a basis for their Amended Complaint, knew of and appreciated the risks involved, and assumed the risk of their alleged injuries and damages, legally causing or contributing to the damages alleged, and, therefore, the Plaintiffs' recovery should be reduced by their proportional share of the negligence or fault.

### TENTH AFFIRMATIVE DEFENSE

The Defendant asserts that, if the Plaintiffs sustained injuries and damages attributable to the use of any of its products, which allegations the Defendant expressly denies, the injuries and damages were caused in whole or in part by the unreasonable, unforeseeable, and inappropriate purpose and/or improper use which was made of the products.

### ELEVENTH AFFIRMATIVE DEFENSE

The Defendant asserts that the injuries and damages sustained by the Plaintiffs, if any, were solely and legally caused by the modification, alteration, or change of the helmet referred to in the Amended Complaint, and said modification, alteration, or change was performed by persons or entities other than the Defendant and without its knowledge or consent.

### TWELFTH AFFIRMATIVE DEFENSE

The Defendant asserts that it did not alter the helmet in question and had no knowledge of any alleged defect in the helmet.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Defendant asserts that the helmet identified in the Amended Complaint met the standards of the Department of Transportation and the National Highway Traffic Safety Administration, and the Defendant acted at all times within the rules and regulations of these entities.

8.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Defendant asserts that the acts or omissions of persons other than itself, who are neither under its control nor in its employ, and for whose acts or omissions the Defendant has no legal liability, intervened between and superseded any act or omission on the Defendant's part, and directly and proximately caused the occurrence which is the subject matter of this lawsuit involving alleged injury to the Plaintiffs, for which reason the Defendant is not liable in this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Defendant asserts that the Plaintiffs have named the wrong party as a Defendant, and, therefore, their Amended Complaint must be dismissed.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Defendant generally denies the allegations made in the Amended Complaint and demands strict proof of all claims.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. The Defendant reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, the Defendant requests that this Court:

1. enter judgment in favor of the Defendant on all counts of the Amended Complaint;

2. award the Defendant its reasonable costs, including Attorney's fees; and

3. award the Defendant such other and further relief as it deems proper and just.

### THE DEFENDANT DEMANDS A TRIAL BY JURY
### ON ALL COUNTS OF THE PLAINTIFFS' AMENDED COMPLAINT

Respectfully submitted,
DEFENDANT, NEXL SPORTS PRODUCTS,
ALSO KNOWN AS NEXL SPORTS
HELMETS,
By its Attorney,

_____
William F. Burke; BBO #065780
BURKE & McMENIMEN, P.C.
35 India Street, Fifth Floor
Boston, MA 02110
(617) 292-2300

Dated: 2-3-04

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party
1-3-04
William F. Burke