UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

**************************************

| | |
|---|---|
| EDWARD M. TAYLOR, and *<br>LESLIE TAYLOR, *<br> *<br>Plaintiffs, *<br> *<br>-- vs. -- *<br> *<br>NEXL SPORTS PRODUCTS, *<br>also known as NEXL SPORTS HELMETS, *<br> • *<br>Defendant. * | CIVIL ACTION NUMBER<br><br>03 CV 12600 NMG |

**************************************

## <u>SCHEDULING MEMORANDUM</u>

1. )    Service of Process made and returned with the Court - 08-06-04

2. )    Response to the Complaint File [also Fed. R. Civ. P., Rule 12 Motions] - 08-25-04

3. )    All Motions under Fed. R. Civ. P., Rules 12, 19, 20 filed - 08-25-04

4. )    All Motions under Fed. R. Civ. P., Rule 15 filed - 09-22-04

5. )    All discovery Requests and Depositions Completed - 01-19-05

6. )    All Motions under Fed. R. Civ. P., Rules 56 filed and heard - 04-13-05

7. )    Disclosure of Experts and Disclosures - 06-15-05 [Fed. R. Civ. P., Rules 26 [a][2] and 26 [a][3]]

8. )    Final Pretrial Conference held and/or firm Trial Date set - 09-21-05

9. )    Case Disposed - 03-15-06

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Page #2
<u>Wednesday, July 07, 2004</u>

## PLAINTIFFS' ALLEGATIONS

1. )     The Plaintiffs, EDWARD M. TAYLOR, and LESLIE TAYLOR, are husband and wife, who, at all time relevant, resided at 118 Seaver Street, East Taunton, Bristol County, Massachusetts. The Defendant, NexL Sports Products, also known as NexL Sports Helmets, is a foreign corporation, with a principal place of business at 121 Aviation Way, in Watsonville, California 95076. The Defendant is the manufacturer, designer, maker, and distributor of NexL Sports Helmets, for use when riding a motorcycle.

2. )     On or about October 24, 2001, the Plaintiff, EDWARD TAYLOR, was operating his motorcycle on Route 140, Southbound, in Shrewsbury, Worcester County, Massachusetts, when the Plaintiff's, EDWARD TAYLOR's, motorcycle and an automobile collided, at which time, the Plaintiff's, EDWARD TAYLOR'S, helmet malfunctioned, broke, and failed to protect the Plaintiff, who lost control of his ability to further protect himself and as a result thereof, the Plaintiff sustained severe personal injury, property damage, and emotional damages, including injuries to his face, head, including a concussion, neck and person, as a result, in part, of the motorcycle helmet, then being worn properly by the Plaintiff, coming off, breaking, as a result of the impact between the automobile and the motorcycle. The claims against the Defendant are, in part, for the negligent design and manufacturing of said helmet and for holding it out to the public as being able to protect the wearer thereof in such circumstances, when the manufacturer knew or should have known that it would not do so. The Plaintiff's, EDWARD TAYLOR's, injuries included, but are not limited to, a fractured knee requiring surgery, head injuries, cuts, contusions, abrasions, headaches, neck and back injuries, permanent scaring and disfigurement, lost wages and earning capacity, substitute and alternative transportation costs, incurred medical expenses, loss of consortium, all of which continue into the future. The Plaintiff, EDWARD TAYLOR, was

LAW OFFICES OF<br>JOSEPH S. PROVANZANO

diagnosed at the hospital and/or by his medical providers with, at least, a Fractured Right Knee;

Torn PCL Ligament of Right Knee; Torn ACL ligament of Right Knee; Head Injuries/Headaches;

Cuts; Abrasions; Permanent Hair Loss; Permanent Scaring on Right Leg and Ankle; Lower Torso

Strain; Lumbar Sprain/Strain; Cervical Sprain/Strain; Contusions, Abrasions; Neck Pain; Loss of

Feeling from Right Hip and Right Leg; and remains in pain, with a Leg Support to be worn

indefinitely into the future.

    3. )    The Plaintiff, EDWARD TAYLOR, has incurred medical expenses, being, at least,

from the Umass Memorial Medical Center in the sum of $ 6,401.00; Brockton Regional MRI

Center of $ 9,900.00; Bridgewater Park Medical Associates of $ 2,100.00; and Umass Emergency

Medical Services of $ 659.00, which total $ 19,060.00. Medical expenses will be incurred in the

future. The Plaintiff, EDWARD TAYLOR, has incurred out of pocket expenses, being, at least,

estimated Lost Wages of $ 50,000.00; Pain Medications estimated of $ 115.61; Property Damage

of approximately $ 4,610.03; Personal Property in the sum of $ 1,496.25; Towing and Storage of

approximately $ 480.00; Substitute Transportation of $ 1,592.71, for a total of $~~31,374.60~~ $ 58,294.60. The

Plaintiff, EDWARD TAYLOR, has suffered emotional damages and pain and suffering, both of

which continue into the future, along with a Loss of Consortium, being, at least, an estimated

Total Disability of approximately sixteen [16] weeks or more; an estimated Partial Disability from

approximately February of 2002 to the present and continuing; and with a Permanent and

Residual Disability for the remainder of the Plaintiff's, EDWARD TAYLOR's, Life, which has an

Expectancy of approximately twenty-two [22] years.

    4. )    These actions stated herein constitute unfair or deceptive acts or practices, within

the meaning of Massachusetts General Laws, Chapter 93A and such other statutes, rules or

regulations that may be applicable. The actions of the Defendant, as described herein, were

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

performed willingly and knowingly, and the Plaintiffs are entitled to double and/or treble damages, interest, costs and attorney fees. The Defendant, after Written Demand has made no reasonable offer of settlement. The Plaintiffs issued Demand Letter or Letters, pursuant to the provisions of Massachusetts General Laws, Chapter 93A, a copy of which is attached to the Complaint and incorporated herein by reference.

5. )    The Plaintiff, while living and located within the Commonwealth of Massachusetts, purchased a certain "Beanie DOT Motorcycle Helmet", hereinafter "Helmet, directly from the Defendant, who shipped and delivered said Helmet to the Plaintiff in Massachusetts, from where payment was made. The Defendant sells Helmets and other products in the Commonwealth of Massachusetts, among other states. At all times herein mentioned, the Defendant was the designer and manufacturer of the Helmet, a product for use by ultimate consumers for wearing when operating a motorcycle and which Helmet is alleged to be in compliance with all Federal Safety Standards and/or Requirements for the safe usage of the "Helmet". That prior to October 24, 2001, the Plaintiff purchased from the Defendant the Helmet manufactured by the Defendant for resale to the ultimate consumers. The Helmet so purchased by the Plaintiff was in its original carton and the same was firmly sealed as it had been sealed by Defendant before delivery to the Plaintiff, who never altered or changed the Helmet in any way. The damages and injuries to the Plaintiff were caused, in part, by the negligence of the Defendant, which negligence consisted, among other things, of the following: (a.) Failure to warn by statement on the Helmet, in the instruction booklet, or otherwise, of the danger to be encountered if the Helmet's safety features were to fail; (b.) Failure to warn that the Helmet was not properly tested and that the Department of Transportation Sticker, herein the "DOT" Sticker, placed thereupon by the Defendant was, in fact, incorrectly and improperly placed thereupon, as the Helmet would fail and did fail to meet

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

the Federal Safety Standards indicated as being passed by the DOT Sticker being placed

thereupon; (c.) Failure to warn that the Helmet had failed to pass the testing of the Department of

Transportation and/or Federal Government and that the Helmet should have been recalled and not

used when riding a motorcycle, and that by wearing it and being involved in a motor vehicle

accident, the Plaintiff may suffer from death or permanent and disabling injury should the Helmet's

safety features fail to perform in the manner and the method as represented, warranted and stated;

and (d.) Failure to design the Helmet so that it would meet the minimum standards as called for by

the Department of Transpiration, the Federal Government, and/or the Commonwealth of

Massachusetts, all as stated in Safety Standard Known as Safety Standard 218; failure to design

the Helmet in such a manner as to avoid or minimize the extreme risks to users of the helmet

should a motor vehicle accident take place; and by falsely placing a DOT Sticker upon said

Helmet so as to falsely warrant and represent that all relevant testing had been conducted upon

the Helmet successfully, when, in fact, the Helmet would not pass said testing. The Plaintiffs plead

the doctrine of "Res Ipsa Loquitur", and under said doctrine alleges that the Defendant is liable

and responsible to the Plaintiffs for all damages suffered by the Plaintiffs as a result of the failure

of the Helmet as herein alleged. Liability is additionally asserted by the Plaintiffs against the

Defendants on grounds of breach of express warranty, breach of implied warranty of fitness, and

breach of implied warranty of merchantability, respectively.

6. )      Pursuant to 49 USC 30101, et. seq.; 15 USCS § 1397, et. seq., and the National

Traffic and Motor Vehicle Safety Act of 1966 and of the Federal Motor Vehicle Safety Standard,

hereinafter "FMVSS", No. 218, the Helmet, by the placing of a "DOT" Sticker thereupon, is

warranted and represented by the Defendant as passing all applicable testing and requirements

relating to motorcycle Helmets. In fact, the Helmet failed said testing. The standards which the

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Helmet in question were supposed to meet are outlined in 540 C.M.R. 22:08, which incorporates

parts of the National Traffic and Motor Vehicle Safety Act of 1966 and of the Federal Motor

Vehicle Safety Standard, hereinafter "FMVSS", No. 218. These laws place the burden of

certification on the manufacturer of the Helmet, the Defendant. The manufacturer then affixes a

DOT label. Only a manufacturer is allowed to place a DOT label on a Helmet. The Plaintiff's

Helmet had a DOT label affixed when he purchased the Helmet. The Plaintiff relied on the

warranties and representations by the DOT Sticker being placed upon said Helmet by the

Defendant. FMVSS No. 218, Section S5.6.1(e). In fact, the Helmet did not meet the standards of

the FMVSS No. 218, including that the Federal Government has not approved the make and

model of the Helmet in issue. For example, before conducting any of the testing sequences, the

Helmet would have to be exposed to any of the following four conditions: a.) *Ambient*

*conditions.* Expose to a temperature of 70°F (21°C) and a a relative humidity of 50 percent for 12

hours; b.) *Low temperature.* Expose to a temperature of 14°F (-10°C) for 12 hours; c.) *High*

*temperature.* Expose to a temperature of 122°F (50°C) for 12 hours; d.) *Water immersion.*

Immerse in water at a temperature of 77°F (25°C) for 12 hours; National Highway Traffic Safety

Administration, DOT §571.218 Standard No. 218; Motorcycle Helmets, Section S6.4.1 a-d.

(1998). In fact, the Helmet did not meet the requirements of National Highway Traffic Safety

Administration, DOT §571.218 Standard No. 218; Motorcycle Helmets, Section S7.3, et. seq.,

(1998), as concerns the safety of the retention device. After October 24, 2001, the Defendant

indicated that the Helmet did not meet the safety requirements of the National Highway Traffic

Safety Administration, DOT §571.218 Standard No. 218; Motorcycle Helmets, as it was indicated

that the safety strap mechanism and/or device, known as the "loop", would fracture and/or break

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Page #7
Wednesday, July 07, 2004

upon impact, as did the Helmet in issue. No Notice of Recall was ever issued by the Defendant to

the Plaintiff.

7. )        Experts have not been designated, at this time, but will be designated and

disclosed, pursuant to Fed. R. Civ. P., Rule 26 [a][2] and [a][3], at least within ninety [90] days

of Final Pretrial Conference.

## DEFENDANT'S POSITION

8. )        In summary, the Defendant denies responsibility and/or liability and holds the

Plaintiffs responsible for their own damages and injuries.

## LENGTH OF TRIAL

9. )        It is expected, at this time, that this Trial should be concluded in three [3] to

five [5] full day of trial testimony.

Respectufily,
Edward M. Taylor,
Leslie Taylor,
By Their Attorney,

Joseph S. Provanzano, Esquire
BBO No.: 407400
**Law Offices Of**
**JOSEPH S. PROVANZANO**
16 Bourbon Street, Suite C
Peabody, MA 01960-1338

Telephone    : (978) 535 - 8222
Date         : Wednesday, July 07, 2004
File No.      : M01-1423

Respectufily,
Nexl Sports Products, also known as
Nexl Sports Helmets,
By Its Attorney,

**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**

Page #8
Wednesday, July 07, 2004

William F. Burke, Esquire
BBO No.: 065780
**Burke & McMenimen, P.C.**
Thirty-Five India Street, fifth Floor
Boston, MA 02110

Telephone    : (617) 292 - 2300
Date         : Wednesday, July 07, 2004

**LAW OFFICES OF
JOSEPH S. PROVANZANO**