SCANNED

DATE: 07/28/04
BY: Sky

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

2004 JUL 28 P 12: 18

U.S. DISTRICT COURT
DISTRICT OF MASS

*********************************

EDWARD M. TAYLOR, and  *
LESLIE TAYLOR,         *
                       *
            Plaintiffs,*
                       *     CIVIL ACTION NUMBER
     -- vs. --         *
                       *     03 CV 12600 NMG
NEXL SPORTS PRODUCTS,  *
also known as NEXL SPORTS HELMETS, *
                       *
            Defendant. *
*********************************

## INITIAL DISCLOSURES OF PLAINTIFF

### [Federal Rules of Civil Procedure, Rule 26 [a] [1], et. al.]

Now come the Plaintiffs, Edward M. Taylor and Leslie Taylor, by their counsel of record, and hereby make their **INITIAL DISCLOSURES**, pursuant to Federal Rules of Civil Procedure, Rule 26 [a] [1], et. al., all as stated herein after.

A.) The names and addresses of each individual likely to have discoverable information that the disclosing party may use to support Plaintiffs' claims or defenses.

DISCLOSURE: EDWARD M. TAYLOR, at all relevant times, of 118 Seaver Street, East Taunton, Bristol County, Massachusetts; LESLIE TAYLOR, at all times relevant, of 118 Seaver Street, East Taunton, Bristol County, Massachusetts; Keeper of Records, NEXL SPORTS PRODUCTS, also known as NexL Sports Helmets, of 121 Aviation Way, Watsonville, California 95076; CAROL A. LABONTE, 12 Intervale Farm Lane, Northborough, Massachusetts; PAUL D. LABONTE, 12 Intervale Farm Lane, Northborough, Massachusetts; Police Officer KEVIN WARWICK, Shrewsbury Police Department, 106 Maple Avenue,

LAW OFFICES OF
JOSEPH S. PROVANZANO

Shrewsbury, Massachusetts 01545; Keeper of Records, PRICE WATERHOUSE COOPERS, LLP, 160 Federal Street, Boston, Massachusetts 02110; ROBERT RUSSELL, 46 Old Southbridge Road, Oxford, Massachusetts 01540; Keeper of Records and Investigative Division Manager, UNITED STATES DEPARTMENT OF TRANSPORTATION'S NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION, 400 Seventh St., S.W., Washington, D.C. 20590; Keeper of Records, Windmill Cycles, North Dartmouth, Massachusetts; Keeper of Records, NEWTON WELLESLEY HOSPITAL, 2014 Washington Street, Newton, Massachusetts 02462; Keeper of Records, BRIDGEWATER GODDARD PARK MEDICAL ASSOCIATES, 1215 Broadway, Raynham, Massachusetts 02767 [508-804-0400]; Keeper of Records, UMASS MEMORIAL MEDICAL CENTER, 55 Lake Avenue North, Worcester, Massachusetts 01655 [508-856-2706]; ALBERT A. ACKIL, M.D., 830 Oak Street, Suite B, Brockton, Massachusetts 02301; Keeper of Records, SHIELDS HEALTH CARE GROUP, 365 Westgate Drive, Brockton, Massachusetts; Keeper of Records, BETTENCOURT HONDA SUZUKI, 31 South Main Street, West Bridgewater, Massachusetts 02379 [508-587-1701]; Keeper of Records, CORBIN CORP., 2360 Technology Way, Hollister, California 95023 [831-634-1100]; Keeper of Records, KURYAKYN PRODUCTS, P.O. Box 37, Stillwater, MN 55082 [715-247-5008]; Keeper of Records, THE BIKER BOUTIQUE, 8 Great Destination, Bridgewater, Massachusetts [508-279-2700]; Keeper of Records, HUDSON WORKS, INC., 540 Tremont Street, Taunton, Massachusetts 02780; Keeper of Records, BROCKTON REGIONAL MRI CENTER, P.O. Box 360088, Boston, Massachusetts 02241 [800-258-4674]; Keeper of Records, LENSCRAFTERS, Silver City Galleria, 2 Galleria Mall Dr., East Taunton, Massachusetts 02780 [508-824-7074]; Keeper of Records, Distributors, and Customers of NEXLSPORTS, 121 Aviation Way, Watsonville, California 95076 [831-786-1800]; Keeper of

Records, SPORTS MEDICINE ASSOCIATES, 830 Boylston Street, Chestnut Hill, Massachusetts 02467 [617-739-2003]; Keeper of Records, BOSTON UNIVERSITY MEDICAL CENTER, 715 Albany Street, Boston, Massachusetts; Keeper of Records, HEALTHSOUTH BRAINTREE REHABILITATION HOSPITAL, 250 Pond Street, Braintree, Massachusetts 02185 [781-848-5821]; Keeper of Records, PRICE WATERHOUSE COOPERS, LLP, 160 Federal Street, Boston, Massachusetts 02110 so as to establish a daily average wage loss in the sum of at least $ 715.00 per day.

B.) A copy of or description by category and location of all documents, data compilations, and tangible things that are in the possession, custody, or control of the Plaintiffs and that the Plaintiffs may use to support their claims or defenses

DISCLOSURE: The Plaintiffs will make available for copying and inspection all medical records, medical invoices, photographs of the locus, Photographs of the property damage, photographs of the personal injuries to Edward Taylor, photographs of the damages to Plaintiffs' personal property and to the motorcycle owned by Edward Taylor; a certain "Beanie DOT Motorcycle Helmet", hereinafter "Helmet", sold by the Defendant as the designer and manufacturer of the Helmet, a product for use by ultimate consumers for wearing when operating a motorcycle and which Helmet is alleged to be in compliance with all Federal Safety Standards and/or Requirements for the safe usage of the "Helmet"; the Plaintiffs never altered or changed the Helmet in any way; the support mechanism that holds the Helmet in place fractured and/or broke either from the impact or from the stress of the vehicle pulling it away from Edward Taylor, and said Helmet fails to warn by a statement on the Helmet, in the instruction booklet, or otherwise, of the danger to be encountered if the Helmet's safety features were to fail and fails to warn that the Helmet was not properly tested and that the Department of Transportation Sticker,

herein the "DOT" Sticker, was placed thereupon by the Defendant without regard as to whether or not the Helmet would fail and/or meet the Federal Safety Standards indicated as being passed by the DOT Sticker being placed thereupon; the failure to warn that the Helmet had failed to pass the testing of the Department of Transportation and/or Federal Government and that the Helmet should have been recalled and not used when riding a motorcycle, and that by wearing it and being involved in a motor vehicle accident, the Plaintiff may suffer from death or permanent and disabling injury should the Helmet's safety features fail to perform in the manner and the method as represented, warranted and stated; the failure to design the Helmet so that it would meet the minimum standards as called for by the Department of Transpiration, the Federal Government, and/or the Commonwealth of Massachusetts, all as stated in Safety Standard Known as Safety Standard 218; failure to design the Helmet in such a manner as to avoid or minimize the extreme risks to users of the helmet should a motor vehicle accident take place; and by falsely placing a DOT Sticker upon said Helmet so as to falsely warrant and represent that all relevant testing had been conducted upon the Helmet successfully, when, in fact, the Helmet would not pass said testing; pursuant to 49 USC 30101, et. seq.; 15 USCS § 1397, et. seq., and the National Traffic and Motor Vehicle Safety Act of 1966 and of the Federal Motor Vehicle Safety Standard, hereinafter "FMVSS", No. 218, the Helmet, by the placing of a "DOT" Sticker thereupon, is warranted and represented by the Defendant as passing all applicable testing and requirements relating to motorcycle Helmets.

C.) A computation of any category of damages claimed by the Plaintiffs, making available for inspection and copying as under Rule 34 the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

LAW OFFICES OF
JOSEPH S. PROVANZANO

DISCLOSURE:    On or about October 24, 2001, the Plaintiff, EDWARD TAYLOR, was operating his motorcycle on Route 140, Southbound, in Shrewsbury, Worcester County, Massachusetts, when the Plaintiff's, EDWARD TAYLOR's, motorcycle and an automobile collided, at which time, the Plaintiff's, EDWARD TAYLOR'S, helmet malfunctioned, broke, and failed to protect the Plaintiff, who lost control of his ability to further protect himself and as a result thereof, the Plaintiff sustained severe personal injury, property damage, and emotional damages, including injuries to his face, head, including a concussion, neck and person, as a result, in part, of the motorcycle helmet, then being worn properly by the Plaintiff, coming off, breaking, as a result of the impact between the automobile and the motorcycle. The claims against the Defendant are, in part, for the negligent design and manufacturing of said helmet and for holding it out to the public as being able to protect the wearer thereof in such circumstances, when the manufacturer knew or should have known that it would not do so. The Plaintiff's, EDWARD TAYLOR's, injuries included, but are not limited to, a fractured knee requiring surgery, head injuries, cuts, contusions, abrasions, headaches, neck and back injuries, permanent scaring and disfigurement, lost wages and earning capacity, substitute and alternative transportation costs, incurred medical expenses, loss of consortium, all of which continue into the future. The Plaintiff, EDWARD TAYLOR, was diagnosed at the hospital and/or by his medical providers with, at least, a Fractured Right Knee; Torn PCL Ligament of Right Knee; Torn ACL ligament of Right Knee; Head Injuries/Headaches; Cuts; Abrasions; Permanent Hair Loss; Permanent Scaring on Right Leg and Ankle; Lower Torso Strain; Lumbar Sprain/Strain; Cervical Sprain/Strain; Contusions, Abrasions; Neck Pain; Loss of Feeling from Right Hip and Right Leg; and remains in pain, with a Leg Support to be worn indefinitely into the future. The Plaintiff was unable to perform the duties and obligations placed upon him and had to retain others to do the functions

that he would normally perform, including home repairs and the like and home gardening. The Plaintiff, EDWARD TAYLOR, has incurred medical expenses, being, at least, from the Umass Memorial Medical Center in the sum of $ 6,401.00; from the Brockton Regional MRI Center in the sum of $ 9,900.00; Bridgewater Park Medical Associates of $ 2,100.00; and Umass Emergency Medical Services of $ 659.00, which total $ 19,060.00. The medical expenses will be incurred in the future. The Plaintiff, EDWARD TAYLOR, has incurred out of pocket expenses, being, at least, estimated Lost Wages of $ 50,000.00; Pain Medications estimated of $ 115.61; Property Damage of approximately $ 4,610.03; Personal Property in the sum of $ 1,496.25; Towing and Storage of approximately $ 480.00; Substitute Transportation of $ 1,592.71, for a total of $ 31,374.60. The Plaintiff retained the labor and services of others to do that which the Plaintiff was unable to perform, estimated at $ 6,743.00. The Plaintiff, EDWARD TAYLOR, has suffered emotional damages and pain and suffering, both of which continue into the future, along with a Loss of Consortium, being, at least, an estimated Total Disability of approximately sixteen [16] weeks or more; an estimated Partial Disability from approximately February of 2002 to the present and continuing; and with a Permanent and Residual Disability for the remainder of the Plaintiff's, EDWARD TAYLOR's, Life, which has an Expectancy of approximately twenty-two [22] years. The Plaintiff had to use others to take him here and there, for a total service cost of approximately $ 1,434.25, incurred by Really Robin, Brockton Cab, City Cab, and Lindsay's Limo, the address of which are presently uncertain to the Plaintiffs.

D.)   For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment, which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**LAW OFFICES OF<br>JOSEPH S. PROVANZANO**

Page #7
Monday, July 26, 2004

E.)   Experts have not been designated, at this time, but will be designated and disclosed, pursuant to Fed. R. Civ. P., Rule 26 [a][2] and [a][3], at least within ninety [90] days of Final Pretrial Conference.

Respectfully,
Edward M. Taylor,
Leslie Taylor,
By Their Attorney,

_____
Joseph S. Provanzano, Esquire
BBO No.: 407400
Law Offices Of
JOSEPH S. PROVANZANO
16 Bourbon Street, Suite C
Peabody, MA 01960-1338

Telephone   : (978) 535 - 8222
Date        : Monday, July 26, 2004
File No.    : M01-1423

## CERTIFICATE OF SERVICE

I, Joseph S. Provanzano, Esquire, hereby certify under oath and under the pains and penalties of perjury that on Monday, July 26, 2004, I mailed a copy of the above pleading to the Defendant's counsel of record, William F. Burke, Esquire, Burke & McMenimen, P.C., 35 India Street, 5th Floor, Boston, MA 02110, by mailing same, postage prepaid.

Signed and sealed this Monday, July 26, 2004.

_____
Joseph S. Provanzano, Esquire
BBO # 407400

LAW OFFICES OF
JOSEPH S. PROVANZANO